IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Williams, | ) | CASE NO. 1:14 CV 2048 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Corrine Bellici, | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* plaintiff James Williams has filed this civil rights against Defendant Corrine Bellici. (Doc. No. 1.) He has filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

The plaintiff alleges he "witnessed while working at Rite-Aid that the store alarms were purposely set off on African Americans." He "later learned that [there] is a remote controlled device used as an operant to condition African Americans to be suspect when they are non-suspect." He alleges he "observed management using a remote controlled device" and "was later discharged." Based on these allegations, he seeks five billion dollars in damages from one defendant, Corrine Bellici.

The plaintiff's motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, his action is dismissed upon initial screening pursuant to 28 U.S.C. §1915(e)(2)(B). Under 28 U.S.C. §1915(e)(2)(B), a district court is required to dismiss any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to state a claim on which relief may be granted, a *pro se* complaint must still contain sufficient matter to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A trial court, therefore, may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. *Id.* at 327.

The plaintiff's complaint, even liberally construed, fails to state a claim on which relief may be granted. The sum total of the plaintiff's factual allegations are set out above. He pleads no facts whatsoever indicating what conduct the only named, Ms. Bellici, allegedly engaged in or how she is responsible for the discriminatory conduct he alleges. For this reason alone, the plaintiff's complaint against Ms. Bellici fails to state a claim and must be dismissed. *See Iqbal*, 556 U.S. at 678 (a complaint must contain sufficient factual content to allow the court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged").

In addition, the plaintiff has failed to set forth any viable legal theory which would entitle him to the relief he seeks against Defendant Bellici. The plaintiff indicates in his complaint and civil cover sheet that his action is brought under the "commerce clause." However, there is no private right of action for damages under the commerce clause. In addition, while the plaintiff conclusorily refers to violations of "the 13[th], 14(th), 15(th) Amendments" in his complaint, his complaint does not state a claim for such violations. The Thirteenth Amendment applies to slavery and involuntary servitude. The plaintiff's allegations have nothing to do with slavery or involuntary servitude. The Fourteenth Amendment provides in pertinent part that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . ." The plaintiff has not alleged any state action, either directly or indirectly, in his complaint. The Fifteenth Amendment, "Universal Male Suffrage," applies to voting rights. The plaintiff's allegations have nothing to do with voting rights.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments because, to do so, would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even according the plaintiff's complaint a liberal construction, the plaintiff has failed to state a claim on which relief may be granted against the defendant, and the legal theories he asserts are meritless. The Court is not obligated to conjure

allegations on his behalf.

## Conclusion

Accordingly, for the reasons stated above, this action is hereby dismissed on initial screening pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2015